SANDERS, Chief Justice.
In early 1975, Enterprise Products Company contacted Claiborne Electric Cooperative, Inc. concerning electric service to Enterprise’s water well facilities in Bienville Parish. The specifications given by Enterprise included a requirement that Claiborne Electric Cooperative, Inc. furnish service to this facility within sixty days. Because of this requirement, Claiborne had to include a rephasing or reconduetoring of its single phase line that ran adjacent to Enterprise’s property and emanated from the Grambling substation. This time limitation would have resulted in heavier construction costs in rephasing and reconduetoring. Thus, Claiborne informed Enterprise that in order to supply service, Claiborne would require an advance payment of $26,000.
At this point, Enterprise ceased negotiations with Claiborne and started negotiations with the Louisiana Power and Light Company, Since Enterprise did not inform Claiborne that they were no longer interested in their service, Claiborne started the process to acquire a metering point for three phase electrical service near the Bien-ville Parish water well facility. Through Cajun Electric Power Cooperative, Inc., Claiborne arranged to obtain this metering point which would eliminate the plan to rephase and reconductor the single phase line and the $26,000 advance payment. With this new metering point, Claiborne could bring a three phase line from a preexisting three phase line emanating from the Arcadia substation.
On May 15, 1975, Enterprise entered into a contract with the Louisiana Power and Light Company for electric service for Enterprise’s water well facility. On July 2, 1975, Claiborne Electric Cooperative, Inc. filed a petition with the Louisiana Public Service Commission, complaining that the Louisiana Power and Light Company had made a contract with Enterprise Products Company which violated the Commission’s General Order of March 12, 1974, relating to duplication of electrical facilities. Although this petition was pending, the Louisiana Power and Light Company constructed a three phase electric line which connected with the pre-existing three phase line which originated at the Arcadia Substation. On December 3, 1975, the Public Service Commission held an evidentiary hearing and rendered judgment on February 17, 1976. The Commission, in Order No. U— 12842, held that the Louisiana Power and Light Company had violated the General Order of March 12, 1974, and ordered that Claiborne Electric Cooperative serve Enterprise’s Bienville Parish water well facility.
The Louisiana Power and Light Company immediately sought judicial review of the Commission’s decision. By stipulation of all the parties, the efficacy of Order U — 12842 was stayed during the pendency of this review. Enterprise Products Company intervened and aligned itself with the Louisiana Power and Light Company. Claiborne Electric Cooperative, Inc. intervened and aligned itself with the Commission.
*529 The matter was heard on July 22, 1977, and new evidence was adduced at the hearing. The district court, pursuant to LSA— R.S. 45:1194, referred the matter back to the Commission in order that the Commission could review its own decision in light of this new evidence. On October 19, 1977, the Commission issued Order U—12842A, affirming its decision in Order U-12842. The district court subsequently rendered judgment in favor of the Commission and Claiborne Electric Cooperative, Inc.
In its decision, the Louisiana Public Service Commission stated:
“The witness for Claiborne testified that his company presently has a single phase 8 KV electric line adjacent to the Enterprise property. This existing line is inadequate to serve the load, and both Claiborne and Louisiana Power and Light Company would be required to construct new facilities to a common point. Consequently, witnesses for both Companies testified that the cost of construction to serve the load should be approximately equal since the ‘starting point’ of both three phase lines is at the same location. It is likely that Claiborne could use some of its existing facilities, however.
“It is the opinion of the Commission that the preponderance of evidence is that Claiborne can serve the proposed water well in the most economical fashion, even if the difference is minimal. As such, the Commission’s General Order of March 12, 1974 entitled ‘In Re: Duplication ,of Electrical Facilities’ requires service to be rendered by Claiborne. Moreover, the Commission is of the opinion that it is contrary to the public interest to encourage future opportunities for duplication and battles over territory by permitting parallel constructions, a result inevitably reached under a different decision.”
The appellants argue that the Commission’s and the district court’s decisions are not supported by the record. Both argue that the costs of construction by Claiborne would exceed the costs incurred by the Louisiana Power and Light Company. Both also argue that the Louisiana Power and Light Company offers lower rates than Claiborne Electric Cooperative, Inc.
Courts should act slowly in substituting their own views for those of the expert body charged with the regulation of public utilities. The orders of the Louisiana Public Service Commission should not be disturbed on judicial review, unless they are shown to be arbitrary, capricious, or abusive of the Commission’s authority. A party attacking a Commission order bears the burden of demonstrating that the order is defective, since it is presumed valid. Louisiana Power and Light Company v. Louisiana Public Service Commission, La., 358 So.2d 623 (1978); Louisiana Power and Light Company v. Louisiana Public Service Commission, La., 343 So.2d 1040 (1977).
The General Order of March 12, 1974, was designed to regulate competition among utilities and to avoid wasteful duplication. The district court correctly ruled that a rate advantage is not controlling in determining disputes under the General Order. Louisiana Power and Light Company v. Louisiana Public Service Commission, La., 343 So.2d 1040 (1977).
The record contains ample evidence to support the findings of the Commission. The Claiborne one-phase line was immediately adjacent to the facility. Although service is to be provided through a new three-phase line, the evidence supports the conclusion that Claiborne Electric Cooperative can economically serve the facility. The Commission’s apprehension that a contrary ruling would generate future duplication and service controversy appears to be well-founded.
For the reasons assigned, the judgment of the district court, affirming Order U— 12842 and Order U-12842A, is affirmed.
SUMMERS, J., concurs.
CALOGERO, J., dissents.